Filed 3/17/26  P. v. Soto CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ELIDE ANDREA SOTO,<br><br>    Defendant and Appellant. | 2d Crim. No. B343655<br>(Super. Ct. No. 2016028701)<br>(Ventura County) |

In June 2024, this court affirmed the conviction of Elide Andrea Soto, by jury, of child endangerment.  (Pen. Code,[1] § 273a, subd. (a).)  The matter was remanded for resentencing to permit the trial court to consider whether "the aggravating circumstances outweigh the mitigating circumstances," and whether Soto's youth "was a contributing factor in the commission of the offense. . . ."  (§ 1170, subd. (b)(6).)  At the hearing, the court found that aggravating circumstances outweighed any mitigating circumstances and that Soto's youth

_____

    [1] All statutory references are to the Penal Code unless otherwise stated.

was not a contributing factor in the commission of the offense. (*Ibid*.) It resentenced Soto to the term originally imposed, an aggregate term of 10 years in state prison.

Three months before the resentencing hearing, retained counsel for Soto filed a document captioned "Limited Scope Substitution of Counsel," seeking to represent Soto at resentencing. Thereafter, Soto's appointed trial counsel filed a resentencing brief on her behalf. Soto's newly retained counsel did not. At the resentencing hearing, Soto was represented, without objection, by her appointed trial counsel. Retained counsel did not appear at the hearing. Soto contends she was deprived of the right to counsel of her own choosing because the resentencing hearing proceeded with her appointed trial counsel, rather than her retained counsel. She further contends the trial court abused its discretion when it found her youth was not a contributing factor in the commission of the offense.

Our review of the record indicates that, at the resentencing hearing, the trial court did not calculate and award Soto's actual custody credits as it is required to do. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 41; § 2900.1.) We remand with instructions that the court recalculate Soto's actual custody credits as of the date of the resentencing hearing. In all other respects, we affirm.

FACTUAL AND PROCEDURAL HISTORY

We summarize the statement of facts from our unpublished opinion in Soto's prior appeal. (*People v. Soto* (June 20, 2024, B323325) [nonpub. opn.].)

Soto was the primary caregiver of J., her four-month-old son. After telling her sister that J. would not stop crying, Soto took him to St. John's Regional Medical Center. Eventually, J. and Soto were transported by ambulance to Children's Hospital

2

in Los Angeles.  There, physicians determined that J. had sustained numerous serious physical injuries including a recent skull fracture, rib fractures, a hand injury, a healing fracture of the knee, a tibia fracture consistent with someone having shaken him, and an ankle fracture.

J. developed seizures and was diagnosed with an acute brain injury.  Soto told doctors that J. suffered injuries due to a fall.  The pediatric neurocritical care physician, however, determined that J. had sustained fractures and retinal hemorrhages that were the result of nonaccidental trauma.  J.'s injuries were reported to law enforcement.

At the time of J.'s admission to the hospital, Soto had two other children, aged two years and one-year old.  When questioned by police officers, Soto explained that the one-year-old used her foot to push J.'s bouncer chair, causing the chair to tip over and J. to hit his head on a TV stand.  This explanation was not consistent with J.'s injuries.

In a second, videotaped interview with the officers, Soto used a doll to reenact J.'s injuries.  She told police that she "shook" the baby twice and "tossed" him on the bed.  She said on one occasion, his head "landed off the edge of the mattress extending his neck."  She also "squeezed" him "really hard."

A pediatrician specializing in child abuse concluded that J. had brain damage.  J. sustained a subdural hematoma resulting from trauma.  There was injury to the back of his neck, a skull fracture, and retinal hemorrhages, all consistent with "shaking." These injuries were not consistent with a "one-time accident" and were the result of "nonaccidental trauma."  A pediatric neuro ophthalmologist testified that J. had multiple retinal hemorrhages that were "consistent with nonaccidental trauma."

3

Soto testified that she was 21 years old when she took J. to the hospital. At the time, she had a two-year old son and a one-year-old daughter. Her videotaped interview with police lasted two hours. She was surprised when the officers told her that J. had rib and leg injuries. One of the officers told her that, if the injuries were "unexplained," there "would be a problem." Soto felt compelled to explain the injuries to the officers. She testified that the videotaped reenactment was not accurate. She provided explanations for the injuries the police described "out of fear for [her]self and [her] children." She did not shake J. hard, squeeze him hard, or throw him.

The jury convicted Soto of child endangerment. (§ 273a, subd. (a).) It also found true allegations that she inflicted great bodily injury on J. (§ 12022.7, subd. (d)), and that the crime involved great violence and great bodily harm disclosing a high degree of cruelty, viciousness, and callousness against a particularly vulnerable victim. (Cal. Rules of Court, rule 4.4.21(a)(1), (3).)

In June 2024 we affirmed the conviction and remanded the matter for resentencing, concluding the trial court had not made the findings required by section 1170, subdivision (b)(6).

In August 2024, an attorney filed with the trial court a "Limited Scope Substitution of Counsel for Defendant & Petitioner." It was not signed by Soto. In September 2024, the court set a briefing schedule and hearing date for Soto's resentencing and authorized counsel to "walk in" a transportation order to facilitate Soto's appearance. Soto's appointed trial counsel filed a sentencing brief on her behalf. Retained counsel did not. At the November 2024 resentencing hearing, Soto's appointed trial counsel told the court he was "appearing [section]

4

977 on behalf of Ms. Soto." The court asked if retained counsel expected Soto's appearance on "Zoom or anything" and he responded, "no." The transcript of the hearing does not reflect that retained counsel was present. Neither Soto nor appointed trial counsel requested a continuance. Soto never objected to being represented by her appointed trial counsel.

The trial court found no evidence that Soto's youth was a contributing factor in her committing the offense. It noted that aggravating circumstances included the fact that the victim was four months old, that Soto's abuse of him had been occurring for some time and that Soto inflicted serious injuries on him. The court acknowledged that Soto was only 21 years old when she committed this crime, but noted there was also evidence that she did not abuse her other two young children. There was also evidence that Soto was "frustrated at being a single mother with virtually no help from the father of the children[,]" although she did occasionally have help from her own family.

The trial court concluded that Soto's youth was not a contributing factor in the commission of the crime. It concluded, "I will find that the aggravating circumstances, which I delineated, outweigh any mitigating circumstance. The mitigating circumstance will remain as the defendant had an insignificant history at the time." The court declined to impose the lower term "because that would be contrary to the interest of justice." The court stated it would "keep the sentence as is, meaning four years for the mid term and six years for the high term on the special allegation for a total of ten years."

## DISCUSSION

### *Standard of Review*

We review Soto's contentions under the deferential abuse of discretion standard. (See *People v. O'Malley* (2016) 62 Cal.4th 944, 1004 [trial court has discretion to deny substitution of counsel where it would prejudice the defendant or " ' "disrupt the orderly processes of justice . . . ." ' "]; *People v. Carmony* (2004) 33 Cal.4th 367, 376-377 [trial court's sentencing choices reviewed for abuse of discretion].)

### *Right to Counsel[2]*

Soto contends the trial court erred when it conducted the resentencing hearing without her substituted, retained counsel. We disagree.

The right to retained counsel of choice is not absolute. (*People v. O'Malley, supra,* 62 Cal.4th at p. 1004.) The trial court has discretion to deny the discharge of one attorney and substitution of another, " ' "if discharge will result in 'significant prejudice' to the defendant [citation] or if it is not timely, i.e., if it will result in 'disruption of the orderly processes of justice'

---

[2] At oral argument, Soto contended the trial court erred in conducting the resentencing hearing without Soto's physical presence. But Soto failed to raise this contention in her opening brief. Thus, it is forfeited. (*People v. Stanley* (1995) 10 Cal.4th 764, 793 [" '[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration. [Citations.]' "]; *People v. Duff* (2014) 58 Cal.4th 527, 550, fn. 9 [claims not raised in the opening brief are waived].) Forfeiture aside, any error would have been harmless beyond a reasonable doubt based on the record before us. (*People v. Velasco* (2023) 97 Cal.App.5th 663, 674; *People v. Cutting* (2019) 42 Cal.App.5th 344, 348.)

6

[citations]." ' [Citation]." (*Id.* at p. 1004.) "[A] defendant who desires to retain his own counsel is required to act with diligence and may not demand a continuance if he is unjustifiably dilatory or if he arbitrarily desires to substitute counsel at the time of trial." (*People v. Blake* (1980) 105 Cal.App.3d 619, 623-624.)

Here, Soto attempted to substitute a retained lawyer for her appointed trial counsel for purposes of the resentencing hearing. But the retained lawyer did not press for a ruling on the substitution request, request a continuance of the hearing, file a brief on Soto's behalf, or appear at the hearing. Soto, appearing through her appointed trial counsel, did not request a continuance nor did she object to his representation. Soto's conduct waived her right to be represented by retained counsel, forfeiting review of the issue on appeal. "A party cannot argue the court erred in failing to conduct an analysis it was not asked to conduct." (*People v. Partida* (2005) 37 Cal.4th 428, 435 [appellate review of asserted evidentiary error forfeited where defendant failed to make a timely, specific objection].)

Had the contention not been waived, we would still reject it because the trial court did not abuse its discretion. There was no request for a continuance to accommodate retained counsel. Soto's appointed trial counsel had filed a brief on her behalf and was prepared to proceed with the hearing that had been set three months previously. Appointed counsel competently represented Soto at the hearing, making the same arguments her retained counsel now advances on appeal. Continuing the hearing would have " ' " 'disrupted the orderly processes of justice.' " ' " (*People v. O'Malley*, *supra*, 62 Cal.4th at p. 1004.)

7

*Section 1170, subdivision (b)(6)*

Soto also contends the trial court abused its discretion when it found that her youth did not contribute to the offense. We again disagree.

Section 1170, subdivision (b)(6) provides, "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶]. . . [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense." A "youth," as defined by section 1016.7, subdivision (b) is "any person under 26 years of age on the date the offense was committed."

"The statute does not mandate a presumption in favor of the lower term in every case in which the defendant was under age 26 at the time the crime was committed. Instead, the presumption applies only if the defendant's youth was 'a contributing factor' in his or her commission of the offense." (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 991-992.) To demonstrate that the trial court here abused its discretion when it declined to impose the lower term, Soto has the burden " ' " 'to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " ' " (*Id.* at p. 988, quoting *People v. Lee* (2017) 16 Cal.App.5th 861, 866.)

8

Here, there was no abuse of discretion.  The trial court found Soto had not established her youth was a contributing factor in the commission of the crime.  It based this conclusion on evidence that Soto did not abuse her older two children, supporting the inference that she was mature enough to control her violent impulses at least some of the time.

The trial court did not abuse its discretion when it found that the aggravating circumstances outweighed any mitigating circumstances.  It identified only one mitigating circumstance: Soto had "an insignificant criminal history" when she committed this offense.  The aggravating circumstances it found were significant: Soto physically abused her four-month-old infant over a lengthy period, causing him to suffer serious injuries.  It was not irrational or arbitrary for the trial court to conclude that these aggravating circumstances outweighed any factors in mitigation and were not influenced by Soto's youth.

*Recalculation of Actual Custody Credits*

The trial court did not recalculate Soto's custody credits and ordered the California Department of Corrections and Rehabilitation (CDCR) to do the calculation.

A trial court must calculate a defendant's custody credits when resentencing.  (*People v. Buckhalter*, *supra*, 26 Cal.4th 20, 37 [when a trial court resentences a defendant on remand, it must credit him with all actual days he spent in custody, whether in jail or prison, up to that time].)  We thus remand the matter to permit the trial court to calculate Soto's actual custody credits.

DISPOSITION

The matter is remanded to permit the trial court to recalculate Soto's actual custody credits as of the date of the resentencing hearing.  The superior court clerk is directed to

9

prepare and forward to the CDCR an amended abstract of judgment reflecting the actual custody credits awarded. The judgment is otherwise affirmed.

NOT TO BE PUBLISHED.

DEROIAN, J.*

We concur:

YEGAN, Acting P. J.

BALTODANO, J.

---

* Judge of Santa Barbara County Superior Court, assigned by the Chief Justice pursuant to article 6, section 6 of the California Constitution.

10

Michele Castillo, Judge

Superior Court County of Ventura

_____

Barhoma Law and Matthew Barhoma, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.